Per Curiam.

Petitioner’s primary contention is that the court was without jurisdiction to sentence him, on the basis that one cannot be found guilty of an attempt to commit a crime and of the crime itself.
It must be noted at the outset that the indictment in the present case was a valid indictment.
Thus, we have a situation where the court had jurisdiction of the offenses and as a result of a valid indictment jurisdiction *179 of the person of the accused and, therefore, jurisdiction to try, convict and sentence petitioner. Any error which arose came into being after such jurisdiction properly attached.
Basically it is petitioner’s contention that the crime of attempt is a step in the execution of the crime of completion, and, if such attempt is successful and the completion is consummated, such attempt merges into the completion. He argues that where one is convicted of the offense of completion he cannot be convicted of the offense of attempt, the attempt having merged into the completion. If there is merit in the petitioner’s contention, he is not presently in a position to urge such error in a habeas corpus proceeding.
The purpose of a proceeding in habeas corpus is to inquire into the legality of the present restraint of the petitioner. So long as a valid judgment and sentence exist which will legally justify the petitioner’s confinement, relief by habeas corpus does not lie.
Here petitioner is legally confined under the sentences on counts two and three. If the sentence on count one was void, his remedy is by appeal from such void conviction and not by habeas corpus. McNally v. Hill, Warden, 293 U. S., 131. Petitioner’s remedy in order to question his sentence on count one is to file a motion for leave to appeal in the Court of Appeals.
Petitioner raises questions relating to his innocence of the crimes charged. This is a matter not cognizable in a habeas corpus proceeding. In re Poage, 87 Ohio St., 72.
Petitioner has raised a further question relating to the refusal of the trial court to furnish him copies of his original records and bill of exceptions. This, too, is a matter which is not subject to review in a habeas corpus proceeding.
The petitioner has made no showing that there was any lack of jurisdiction in the trial court over either his person or the subject matter of the offenses with which he was charged.

Petitioner remanded to custody.

Taut, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.